UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES MOSLEY,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>VALERIE ADAIR, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:22-CV-00408-ART-CLB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 9) |

*Pro se* Plaintiff James Mosley ("Mosley") brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 9), recommending Mosley's application to proceed *in forma pauperis* (ECF No. 7) be denied as moot, and his complaint (ECF No. 1-1) be dismissed without prejudice and without leave to amend. Plaintiff had until December 13, 2022 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will deny Mosley's *in forma pauperis* application as moot and dismiss his complaint without prejudice and without leave to amend.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that

the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Here, Mosley sues district court judges, his defense attorney, and district attorney, all of whom were involved in Mosley's underlying criminal case and conviction. (*See* ECF No. 1-1 at 2-6). In addition to the judges' immunity under 42 U.S.C. § 1983, § 1983 is not the proper vehicle for a lawsuit which challenges the legality or duration of Mosley's custody. *See Heck v. Humphrey*, 512, U.S. 477, 481 (1994). Judge Baldwin recommends Mosley's application to proceed *in forma pauperis* (ECF No. 7) be denied as moot, and his complaint (ECF No. 1-1) be dismissed without prejudice and without leave to amend. (ECF No. 9 at 5). The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 9) is accepted and adopted in full.

It is further ordered that that Mosley's application to proceed *in forma pauperis,* (ECF No. 7) is denied as moot.

It is further ordered that Mosley's Complaint, (ECF No. 1-1) is dismissed without prejudice and without leave to amend.

It is further ordered that Mosley's second application to proceed *in forma pauperis* (ECF No. 10) is denied as moot.

The Clerk of Court is respectfully directed to file Mosley's Complaint (ECF No. 1-1) and close this case.

DATED THIS 3rd Day of April 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE